## ALONZO D. PERRY, APPELLANT,

### *vs.*

## SAMUEL G. CORNELL, APPELLEE. INTERFERENCE.

EVIDENCE—NOTICE—WAIVER.—Depositions taken without notice cannot be read in evidence unless the other party has waived his right to notice and agreed to admit them into the case.

SM—SM.—A notice from the other party to have the depositions produced before a commissioner for inspection is not a waiver of the right to notice, nor is an offer to have the witness again before the commissioner for cross-examination and the refusal to cross-examine when so produced. The party has a right to be present at the direct examination-in-chief.

OFFICER OF THE PATENT OFFICE AT HEARING.—An officer of the Patent Office may attend the hearing before the judge for the purpose of explaining the decision of the Commissioner. He cannot be considered, however, as counsel for the Commissioner, nor as advocate for either of the parties litigant.

(Before CRANCH, Ch. J., District of Columbia, July, 1847.)

## STATEMENT OF THE CASE.

The first reason of appeal in this case was disposed of as an interlocutory question during the progress of the case in the following opinion :

CRANCH, J.

The first reason of appeal is, that the evidence does not show Cornell to be the first to conceive the idea of a machine such as he now claims.

The question, therefore, is, What is the evidence?

The counsel for Mr. Perry offered to the Commissioner of Patents the deposition of Robert J. Craig and twenty other witnesses taken without notice to this applicant, Samuel G. Cornell. These depositions, therefore, cannot be used against him, unless he has waived his right to notice and agreed to admit them to be read in evidence before the Commissioner of Patents. It is suggested that the notice given by Mr. Cornell's counsel to the other parties litigant to produce these depositions before a commissioner for inspection and examination by his counsel, and the offer by Mr. Perry to have witnesses again before the commissioner, to be cross-examined by Mr. Cornell's counsel, and his refusal to cross-examine them when produced, was equivalent to a waiver of notice.

I am not, however, of that opinion. Mr. Cornell had a right to be present at the direct examination-in-chief. But it is said that the Commissioner of Patents has received these depositions in evidence ; and as he decided in favor of Mr. Cornell, he cannot appeal upon that ground. But the Commissioner in his judgment says it is unnecessary to decide the question raised in reference to the admissibility of the evidence, as its rejection would not vary the result. It is plain, therefore, that he did not decide that question. There is no evidence that Mr. Cornell or his counsel has ever agreed to admit these depositions as evidence against him. They must therefore be rejected.

Mr. Keller, the agent of the defeated applicant, objects to my hearing any argument by an officer or counsel of the Patent Office. Heretofore it has been usual for some officer of the Patent Office to attend the hearings before the judge upon appeals from the judgment of the Commissioner, and no objection to that course

has been taken until this time. The officer who attends is not considered as counsel for the Commissioner or for the office, and I should think he could not with propriety be considered as an advocate of either of the parties litigant. I have heretofore considered him as attending for the purpose of explaining the decision of the Commissioner, and not as arguing the cause of either of the litigants. He can only appear as an officer of the Department; as such, I shall always be willing to avail myself of his assistance in the investigation of the truth.

*Chas. M. Keller*, for appellant.

*E. B. Stoughton*, for appellee.

*W. P. N. Fitzgerald*, for Commissioner.